**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

DIANA L. NAPIER,

Plaintiff,

v. Civil Action No. 3:04-0664

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Diana L. Napier appeals the Social Security Commissioner's (hereinafter "Commissioner") final decision denying her applications for disability insurance benefits (hereinafter "DIB") and supplemental security income (hereinafter "SSI") based on disability, brought under 42 U.S.C. §§ 405(g) and 1383(c)(3), respectively. For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

**I**

Plaintiff filed her applications for DIB and SSI on May 29, 2002, alleging disability commencing September 9, 2001, as a consequence of a herniated disc, a pinched nerve in her left leg and foot, arthritis in her spine and depression. Her applications were denied initially and again upon reconsideration. At plaintiff's request, an administrative hearing was held on December 3, 2003. On March 25, 2004, an administrative law judge (hereinafter "ALJ") found that the plaintiff was not disabled, and his decision became the Commissioner's final decision

when the Appeals Council denied plaintiff's request for review. Thereafter, the plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the ALJ's decision, the plaintiff was forty-seven years of age, had obtained a high school education and had work experience as a photographer and co-manager of a portrait studio. In his decision, the ALJ determined from the objective medical evidence that the plaintiff suffered from the following "severe" impairments as defined by the social security regulations:[1] morbid obesity, chronic lumbar/cervical strain with radiculopathy and arthralgia.[2] He also determined that her organic mental disorder, learning disorder (reading), affective disorder and hypertension were not "severe" impairments and that she did not have an impairment or impairments which in combination satisfied or equaled any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. He further determined that the plaintiff had the following residual functional capacity (hereinafter "RFC"):

> The claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently. She can stand/walk six hours out of an eight-hour workday, but no longer than one hour without interruption. She can sit for six hours out of an eight-hour workday. She should not perform more than frequent pushing/pulling with the upper and lower extremities. She can occasionally climb ramps and stairs and should never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch or crawl. She should no more than frequently reach overhead. She should avoid exposure to extreme cold and hazards.

(R. 19.) On the basis of this determination and the plaintiff's age, education, and employment

---

[1]A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activity. 20 C.F.R. §§ 404.1521(a) and 416.921(a).

[2]Arthralgia is defined as "[p]ain in a joint or in joints." Schmidt, J.E., *Attorneys' Dictionary of Medicine* A-547 (Matthew Bender 2004).

background, and relying on Rule 202.21 of the medical-vocational guidelines[3] and the testimony of a vocational expert, the ALJ found her not disabled.

Additional facts will be introduced as they relate to plaintiff's arguments for relief.

**II**

Under the Social Security Act (hereinafter "Act"), the Court is required to uphold the Commissioner's decision if the decision is supported by substantial evidence and adheres to proper legal standards. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The Court will not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner or his ALJ, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990), and "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner or his ALJ]." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Accordingly, the issues before the Court are whether the ALJ's decision is supported by substantial evidence that plaintiff is not disabled within the meaning of the Act and whether the decision is based on the correct application of the relevant law. *Coffman*, 829 F.2d at 517.

According to the Act, an individual is disabled if unable to "engage in any substantial

[3] 20 C.F.R. Pt. 404, Subpt. P, App. 2, Tbl. 2.

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.A. §§ 423(d)(1)(A), 1382c(a)(3)(A) (West Supp. 2000). The Commissioner has developed a five-step procedure for making this determination. The first step requires consideration of whether the claimant is engaged in substantial gainful activity. If so, the claimant is found not disabled. If not, the second step requires a finding of whether there is a "severe" impairment. If not, the claimant is found not disabled. If so, the third step calls for an analysis of whether the impairment(s) meets or equals one contained in the listing of impairments.[4] If so, the claimant is found disabled without further analysis. If not, the process continues to the fourth step where it is determined whether the claimant's impairment(s) prevents the performance of his or her past relevant work. If not, the claimant is found not disabled. If so, the burden of production shifts to the Commissioner for the final step.[5] In the fifth step, the Commissioner must demonstrate that the claimant can do other work. If the Commissioner satisfies this burden, benefits are denied. Otherwise, the claimant is found disabled, and benefits are awarded. 20 C.F.R. §§ 404.1520, 416.920.

In the case *sub judice*, both parties agree that the plaintiff has not engaged in any substantial gainful activity; she has severe impairments; she does not have an impairment or combination of impairments that satisfies a listing in Appendix 1, Subpart P, Regulations No. 4; and, she is unable to perform her past relevant work. They disagree, however, on whether her

---

[4]20 C.F.R. Pt. 404, Subpt. P, App. 1.

[5]*Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981); *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

impairments prevent her from performing any work. Hence, the plaintiff has appealed to this Court and seeks to have the Commissioner's decision reversed.

**III**

Plaintiff has submitted three grounds in support of her motion for judgment on the pleadings. She alleges: The ALJ failed to properly evaluate her organic mental disorder, learning disorder (reading), affective disorder and hypertension; the ALJ failed to properly evaluate her pain and credibility; and, the ALJ failed to evaluate the impact her medical treatment has had on her ability to work. The Commissioner, on the other hand, contends that the ALJ's decision is supported by substantial evidence and adheres to the law.

Starting with plaintiff's medical treatment, at her administrative hearing, she testified that she visits Lisa M. Roy, M.D. for her back pain approximately once a month. She also testified that she uses a Morphine patch and takes OxyContin and Lortab for her pain; that these drugs, in combination, usually make her sleepy; and, that as a result of taking these medications she takes naps during the day.

As stated in the ALJ's decision, Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529 and 416.929 required the ALJ to consider the following regarding plaintiff's pain: the nature, location, onset, duration, frequency, radiation and intensity of pain or other symptoms; precipitating and aggravating factors; type, dosage, effectiveness and adverse side effects of medication; treatment, other than medication, for relief of pain or other symptoms; functional restrictions; and, her daily activities. Additionally, the ALJ has "a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v.*

*Heckler*, 783 F.2d 1168, 1173 (4th Cir.1986). *See also* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (stating that in the absence of sufficient evidence to determine whether a claimant is disabled, the Commissioner will try to obtain additional evidence). The ALJ, however, "is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994). *See also Bell v. Chater*, No. 95-1089, 57 F.3d 1065, 1995 WL 347142, at *4 (4th Cir. June 9, 1995) (quoting *Clark*, 28 F.3d at 830-31) (unpublished). Moreover, "[t]he ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning." *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997) (citing *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994). Instead, the ALJ is expected to exercise "reasonable good judgment" when developing the record, *id.*, and to "fully and fairly" develop all issues that are material to the disability determination. *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993).

After reviewing the record, it appears that plaintiff's progress notes from Dr. Roy, her treating physician, for 2003 were not procured. It is difficulty to imagine how either plaintiff's counsel or the ALJ could have overlooked this omission from the record. Moreover, it is even more difficult to imagine that the ALJ was able to make a disability determination without these critical records, especially in light of plaintiff's testimony concerning the side effects of her medication. In fact, it appears the ALJ ignored this issue because he did not provide any analysis of the effect her medication had on her ability to work. Moreover, it appears from the RFC assessments that neither Thomas Lounderman, D.O. nor Fulvio Franyutti, M.D. considered the impact of plaintiff's medication on her ability to work. Inasmuch as the ALJ failed to fully

and fairly develop the record on a material issue, and as the ALJ failed to explain his findings concerning the effect of plaintiff's medication on her ability to work, the Court is unable to make a reasoned review of the ALJ's decision and in turn cannot find that substantial evidence supports the decision.

The Court recommends that the ALJ work with plaintiff's attorney to develop the record and obtain plaintiff's 2003 progress notes from Dr. Roy. Moreover, an opinion from Dr. Roy and a pain specialist outlining the side effects of plaintiff's medication, especially with regard to the use of a Morphine patch, OxyContin and Lortab (in combination), would be very useful. Finally, the ALJ must explain his finding concerning the impact plaintiff's medications have on her ability to work in his decision and support it with medical evidence in the record.

**IV**

On the basis of the foregoing, it is **ORDERED** that the Commissioner's final decision be, and is, **REVERSED**, and the above-entitled action be, and is, **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to all counsel of record.

ENTER: September 8, 2005

ROBERT J. STAKER
SENIOR UNITED STATES DISTRICT JUDGE